OPINION OF THE COURT
Peter L. Kirk, J.
This matter involves a dispute over certain educational issues pertaining to a child where both parents have joint custody of said child. The parties appearing pro se have requested that this court render a decision to their disagreement.
There is no dispute to the facts of this matter. The child is 13 years of age and as part of health classes will be involved *984 with sex education, which according to the father has two class sessions involving objectionable subject matter. The school officials have indicated that the child has the option of attending study halls instead of the two classes in question without penalty. The father objects to the child participating in the two classes while the mother consents. It is agreed by the parties that the child would desire to attend these classes, despite the fact that the child has no knowledge of the instant proceeding.
This is a matter of first impression for the court.
It has been said that good candidates for joint custody are those committed to making the plan work, who understand their custodial roles and are willing to negotiate differences, who are willing to give priority to their child’s needs and to adjust to them, who are flexible and are willing to maintain a reasonable level of parental communication and cooperation. The very notion of joint custody presumes that the parties can agree upon the essential decisions which need to be made while raising a child.
By its very nature, this case contradicts the purpose of a joint-custody arrangement, although it is understandable that two parents can disagree and have valid positions concerning the education of their child. Joint custody is most often defined as meaning only that both parents will share in the decisions concerning the child’s care, education, religion, medical treatment and general welfare, but nothing is defined as to what occurs when there is a disagreement.
If the parties cannot agree on a regular basis, then joint custody is not necessarily the ideal solution for their circumstances.
At this juncture, the court has three options to resolve this matter. First, the court may grant sole custody to one parent with reasonable visitation rights to the other. Secondly, the court may decide the educational issue on behalf of the parents. Thirdly, the court may give the decision-making power on this issue to one parent.
The court sees this third alternative as the least intrusive and most desirable method. In choosing this alternative, the court must then decide which parent should be given the decision-making power when both parents have valid points of view, neither of which would be considered detrimental to the extent of endangering the child’s well-being.
The custodial parent, by the very nature of having daily *985 contact with the child, makes numerous decisions without the input of the other parent. Any one or a number of the decisions could be interpreted as effecting care, education, moral upbringing or religion, medical treatment and general welfare. This being an unchallengeable fact, it is only a logical extension to grant the custodial parent the right, under the guideline of a nondetrimental decision, to have the ultimate decision-making power when a conflict arises. In this matter, the mother is the custodial parent.
Due to the foregoing, it is the decision and order of this court that the respondent mother shall be given the sole discretion and decision-making power concerning the issue presented.